J-S74013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYREE LAWSON | |
| Appellant | No. 763 EDA 2016 |

Appeal from the PCRA Order February 29, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-0000542-2009

BEFORE:  OTT, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED OCTOBER 13, 2016**

Appellant appeals *pro se* from the order entered in the Court of Common Pleas of Montgomery County dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In a memorandum decision affirming Appellant's conviction on direct appeal, this Court provided the following factual and procedural history:

> [Appellant] was charged with various crimes from a vicious home invasion robbery that occurred on June 12, 2006.  Early that morning, Nancy Hevener went outside to start her husband, Joseph Hevener's, truck while he was showering.  Upon opening the door to re-enter her home, she was assaulted from behind by an assailant with a stocking over his face.  As the assailant rushed past her into her home, Nancy screamed to her husband.

---

[*] Former Justice specially assigned to the Superior Court.

Upon responding to his wife's cries, Joseph noticed two men in his kitchen charging him. A melee ensued, with the assailants striking both Heveners repeatedly, and ultimately escaping in Joseph's truck.

After a lengthy investigation, [Appellant] was linked to the crime in various ways including DNA evidence, and was arrested on January 13, 2009. [Appellant] was represented by a series of counsel, but on May 4, 2010, elected to waive his right to counsel and to proceed *pro se*. Thereafter, [Appellant] filed several *pro se* motions. The trial court denied [Appellant's] pre-trial motions, and a jury ultimately found [Appellant] guilty of three counts of robbery-serious bodily injury [18 Pa.C.S.A. § 3701(a)(1)], burglary [18 Pa.C.S.A. § 3502], conspiracy to commit robbery [18 Pa.C.S.A. § 903], and conspiracy to commit burglary, [18 Pa.C.S.A. § 903]. The trial court sentenced [Appellant] to an aggregate term of imprisonment of nineteen to sixty years, to run consecutively to any previously imposed sentence. [Appellant's] post-sentence motions were denied by the trial court, and [a timely direct appeal followed].

***Commonwealth v. Lawson***, 1705 EDA 2011 (Pa.Super. 8/7/12) (unpublished memorandum).

As indicated *supra*, this Court affirmed Appellant's judgment of sentence on direct appeal. Appellant filed with our Supreme Court a petition for allowance of appeal, which the Court denied. Moreover, Appellant filed with the United States Supreme Court a petition for writ of *certiorari*, which the high Court denied on June 10, 2013.

On June 18, 2013, Appellant filed a timely *pro se* PCRA petition and counsel was appointed to represent him. Counsel sought to withdraw

- 2 -

pursuant to **Turner/Finley**,[1] and after permitting counsel to withdraw, the PCRA court dismissed Appellant's PCRA petition on October 7, 2013. On October 10, 2013, Appellant filed a *pro se* petition for writ of *habeas corpus*, which the PCRA court treated as a second PCRA petition. By order entered on October 17, 2013, concluding the petition was prematurely filed, the PCRA court denied Appellant's petition without prejudice.

On October 29, 2013, Appellant filed notices of appeal from the PCRA court's October 7, 2013, and October 17, 2013, orders, and this Court consolidated the appeals. In an unpublished memorandum decision, this Court affirmed both orders. **See Commonwealth v. Lawson**, 3005 EDA 2013 and 3008 EDA 2013 (Pa.Super. filed 9/9/14) (unpublished memorandum).

Thereafter, Appellant filed several *pro se* PCRA petitions, which the PCRA court denied. Appellant did not file a notice of appeal from these denials. On January 11, 2016, Appellant filed the instant *pro se* PCRA petition[2] alleging, *inter alia*, the following:

> On December 23, 2015, approximately fifty-seven months after the jury verdicts in this case, [Appellant] discovered evidence of the Commonwealth's principal witness, and

---

[1] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988).
[2] Although this petition was time-stamped on January 21, 2016, we shall treat it as being filed on January 11, 2016, when Appellant handed it to prison officials. **See Commonwealth v. Chambers**, 35 A.3d 34 (Pa.Super. 2011) (discussing prisoner mailbox rule).

otherwise the charged accomplice Andrew Bing (hereinafter "Mr. Bing") testified falsely during [Appellant's] trial. Specifically, during such trial, *pro se* [Appellant] questioned Mr. Bing if his trial testimony was motivated by the Commonwealth's negotiated plea agreement. However, in response, Mr. Bing, in a total disregard for the truth, stated: "It wasn't a negotiated agreement."

Importantly, Alexander Fulton [State. No. KG-2257] will testify (a) that Andrew Bing, the Commonwealth's principal witness, months after [Appellant's] jury trial admitted to him, that because of his trial testimony on the Commonwealth's behalf he served "only" a small amount of prison time; (b) and, after explaining to him the circumstances of his case, Mr. Bing, attempted to persuade him into testifying against the other person and/or persons charged in his case for a lighter sentence.

The after and/or newly discovered evidence is material and exculpatory. It is not merely cumulative of the testimony at trial. The facts presented speaks to the fundamental fairness of [Appellant's] trial, which undoubtedly deprived [Appellant] of not a perfect trial, but a fair one that may have produced a different jury verdict.

These facts were discovered post-trial and could have not, with due diligence, been discovered before trial.

Appellant's *Pro Se* PCRA Petition, filed 1/11/16, at 1-2 ¶ 3-6.

In support of his averments, Appellant attached to his PCRA petition a

page from Appellant's *pro se* trial cross-examination of Mr. Bing.[3] Appellant

_____

[3] The relevant portion of Appellant's trial cross-examination of Mr. Bing is as follows:
> Q: Mr. Bing, in regards to the injuries that Mr. Hevener sustained, you'll agree with the Commonwealth to testify against Mr. Potter and myself, correct?
> A: Yes.
> Q: That was a negotiated agreement, correct?
> A: No, it wasn't [*sic*] no deals.

*(Footnote Continued Next Page)*

also attached to his PCRA petition a copy of what he alleged to be Mr. Fulton's affidavit,[4] which was dated December 26, 2015. The affidavit provided verbatim the following:

> On Wednesday [D]ecember 23rd 2015 while in SCI Forest's inmate chow hall I overheard a conversation at the next table over with the constant mentioning of the name "Boobie." I interrupted the conversation and asked what Boobie are y'all talking about and where is he from. Because I know a Boobie that's from around my way. The guys ask was his real name Andrew Bing and was he from 17th and Cumberland ST. I said yea that's him. I then told the guys I lived on Opal St. for 18 years but I been going around 17th with Boobie [ ] sense I was like 12 years old. Boobie like family to me. The guy Ty ask me was he home. I told him yea he came back home from the

_(Footnote Continued)_ _____

Q: It wasn't a negotiated agreement?
A: It wasn't a negotiated agreement.
N.T., 3/7/11, at 75.

[4] While Appellant refers to Mr. Fulton's "affidavit," the document in fact consists of an unsworn declaration which he proffers pursuant to 18 Pa.C.S.A. § 4904 (unsworn falsification to authorities). "Of course, there is a significant distinction between an affidavit and an unsworn declaration." **Commonwealth v. Tedford**, 598 Pa. 639, 670, 960 A.2d 1, 19 (2008) (citing **Commonwealth v. Hall**, 582 Pa. 526, 872 A.2d 1177, 1192 (2005) (Castille, J., concurring) ("[T]here is a significant distinction between a sworn affidavit, which is contemplated under this Court's Criminal Rules governing PCRA practice, and a mere unsworn declaration of a witness."); **Commonwealth v. Brown**, 582 Pa. 461, 872 A.2d 1139, 1168–70 (2005) (Castille, J., concurring) (affidavit is distinct from other out-of-court statements because of oath and certification, which convey to declarant consequences of falsehood, including potential for felony perjury prosecution; affidavit also conveys to tribunal some level of assurance that declarant is who he says he is, that declaration is not fraudulent, and that declarant is willing to stand behind his statement in court)).

robbery case. He told me he got out fast because he testified some guy name Ty and that's how he got a lighter sentence for his own. We was talking about my case and he bragged on how he really didn't due any time and said if I testified in my case I may not get any time. Ty told me he was the person that Boobie testified on and his real name was Tyree Lawson. After we had this conversation Ty ask me would I be willing to put are conversation in affidavit and sign my name on it. I agreed. Being tho I know Boobie only testified on Ty to get a lighter sentence. I feel a tho its the right thing to due, Tell the truth.

Appellant's *Pro Se* PCRA Petition, filed 1/11/16, Exhibit B1-2.

Additionally, Appellant attempted to invoke the timeliness exception of 42 Pa.C.S.A. § 9545(b)(1)(i), claiming certain Commonwealth omissions constituted governmental interference. Specifically, he alleged the Commonwealth failed to disclose, prior to Appellant's trial, Mr. Bing's August 29, 2008, guilty plea colloquy, and subsequently, the Commonwealth failed to correct Mr. Bing's false testimony at Appellant's March 7, 2011, jury trial regarding the existence of Mr. Bing's plea agreement, as allegedly set forth at the guilty plea colloquy. In support of his averment, Appellant attached to his PCRA petition a page from Appellant's *pro se* trial cross-examination of Mr. Bing,[5] as well as two pages from Mr. Bing's August 29, 2008, guilty plea hearing.[6]

---

[5] The relevant portion of Appellant's trial cross-examination of Mr. Bing is as follows:

Q: The charges you agreed to plead out to, can you tell me the charges you agreed to plead out to, the charges that were negotiated?

A: Robbery, burglary, and I think it was aggravated assault.

*(Footnote Continued Next Page)*

By order entered on February 1, 2016, the PCRA court provided Appellant with notice of its intent to dismiss Appellant's petition without an evidentiary hearing on the basis it was untimely filed. Appellant filed a *pro se* response, and by order entered on February 29, 2016, the PCRA court dismissed Appellant's petition. This timely *pro se* appeal followed, and all Pa.R.A.P. 1925 requirements have been met.

Preliminarily, we must determine whether Appellant's instant *pro se* PCRA petition was timely filed. *See Commonwealth v. Hutchins*, 760 A.2d 50 (Pa.Super. 2000). "Our standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's

*(Footnote Continued)* ————————————

> Q: Do you recall the grading of each charge?
> A: No, I don't.
> Q: Do you remember the charges you pled guilty to?
> A: Burglary, robbery and aggravated assault.
> Q: During your sentencing hearing, you pled out to 1 charge, that was conspiracy?
> A: Yes.

N.T., 3/7/11, at 76.

[6] The relevant portion of Mr. Bing's guilty plea hearing is as follows:

> [ADA]: He's pleading guilty to the main bill, count 20, charging criminal conspiracy to commit robbery.
>
> For the record, Your Honor, I am amending the grading to a felony of the first degree. The bill actually reflects that it's a misdemeanor of the first degree.
>
> ***
>
> And we ask that [Mr. Bing] receive a sentence of 3 to 6 years.

N.T., (Bing) 8/29/08, at 3.

Also, Appellant points to page 5 of Mr. Bing's guilty plea hearing wherein Mr. Bing's "Guilty Plea Colloquy" was marked as Defense Exhibit D-1. N.T., (Bing) 8/29/08, at 5.

findings are supported by the record and without legal error."
***Commonwealth v. Wojtaszek***, 951 A.2d 1169, 1170 (Pa.Super. 2008)
(quotation and quotation marks omitted).

Pennsylvania law makes it clear that no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 575 Pa. 500, 837 A.2d 1157 (2003). The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

      (iii)      the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provide in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted).

Here, on direct appeal, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied Appellant's subsequent petition for allowance of appeal. The United States Supreme Court denied Appellant's petition for writ of *certiorari* on June 10, 2013. Thus, Appellant's judgment of sentence became final on that date. ***See Commonwealth v. Mitchell***, ___ Pa. ___, 141 A.3d 1277, 1280-81 (2016); 42 Pa.C.S.A. § 9545(b)(3). Since Appellant filed the current PCRA petition on January 11, 2016, more than two years after his judgment of sentence became final, the petition is patently untimely under the PCRA. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 753 A.2d 780 (2000) (holding a PCRA petition filed more than one year after judgment of sentence becomes final is untimely and the PCRA court lacks jurisdiction to address the petition unless the petitioner pleads and proves a statutory exception to the PCRA time-bar).

Appellant initially attempts to invoke the timeliness exception of 42 Pa.C.S.A. § 9545(b)(1)(ii), claiming the facts disclosed in Mr. Fulton's

affidavit meet the newly-discovered facts exception. The Supreme Court has previously explained that the newly-discovered fact exception in Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were "facts" that were "unknown" to him and that he could not have ascertained those facts by the exercise of "due diligence." *Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264, 1270-72 (2007). A petitioner must allege and prove previously unknown "facts," not merely a newly discovered or newly willing source for previously known facts. *Marshall*, *supra*.

Moreover, "[d]ue diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." *Commonwealth v. Williams*, 35 A.3d 44, 52 (Pa.Super. 2011) (citations omitted).

Additionally, as this Court has often explained, all of the time-bar exceptions are subject to a separate deadline.

> The statutory exceptions to the timeliness requirements of the PCRA are also subject to a separate time limitation and must be filed within sixty (60) days of the time the claim could first have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2). The sixty (60) day time limit . . . runs from the date the petitioner first learned of the alleged after-discovered facts. A petitioner must explain when he first learned of the facts underlying his PCRA claims and show that he brought his claim within sixty (60) days thereafter.

*Williams*, 35 A.3d at 53 (citation omitted).

In the case *sub judice*, assuming, *arguendo*, Appellant met the initial 60-day threshold,[7] we conclude that Mr. Fulton's affidavit, wherein Mr. Fulton indicated he allegedly heard Mr. Bing say that he received a lighter sentence in exchange for testifying against Appellant, does not provide "unknown facts," and constitutes, at most, a newly discovered or newly willing source for known facts. **Marshall**, **supra**.

The record reveals that Appellant has complained to the lower court, for more than two years prior to filing the instant PCRA petition, that Mr. Bing lied at Appellant's trial regarding the existence of a negotiated plea agreement and, in fact, Mr. Bing received lenient treatment from the Commonwealth in exchange for testifying against Appellant.

For instance, in an amended PCRA petition filed on October 7, 2013, Appellant asserted that, on October 10, 2007, prior to testifying against Appellant's co-conspirator, a prosecutor told Mr. Bing "The more you give us, the more we'll give you." Appellant's Amended PCRA Petition, filed 10/7/15, at 5. Appellant further asserted that, on August 29, 2008, Mr. Bing pled guilty and, upon the request of the prosecutor, received a lenient sentence. *Id.* at 6-7. Appellant attached to his October 7, 2013, amended PCRA petition copies of Mr. Bing's August 29, 2008, guilty plea, including the same

---

[7] In his instant PCRA petition, Appellant asserted he was provided with Mr. Fulton's affidavit on December 23, 2015, and he then filed his PCRA petition on January 11, 2016.

- 11 -

excerpts upon which he presently relies. Moreover, on May 22, 2015, Appellant filed a memorandum of law in support of a prior PCRA petition wherein he reiterated that a prosecutor was overheard whispering to Mr. Bing that, "The more you give us the more we'll give you!" Appellant's Memorandum of Law, filed 5/22/15, at 18.

As the PCRA astutely recognized in its Rule 1925(a) opinion, "The only difference between [Appellant's] 2013 [amended petition] and his current PCRA petition is that in this current PCRA petition [Appellant] has offered an affidavit from inmate Fulton conveying substantially the same information." PCRA Court's Pa.R.A.P. 1925(a) Opinion, filed 4/26/16, at 10. We agree with the PCRA court and conclude that the information contained in Mr. Fulton's affidavit did not provide "new facts," but merely constituted a newly discovered or newly willing source for purposes of the newly-discovered facts exception. **Marshall**, **supra**.

Appellant also attempts to invoke the timeliness exception of 42 Pa.C.S.A. § 9545(b)(1)(i), claiming certain Commonwealth omissions constitute governmental interference. Specifically, he alleges the Commonwealth failed to disclose, prior to Appellant's trial, Mr. Bing's August 29, 2008, guilty plea colloquy, and the Commonwealth later failed to correct Mr. Bing's false testimony at Appellant's March 7, 2011, jury trial regarding the existence of Mr. Bing's plea agreement, as allegedly set forth during Mr. Bing's guilty plea colloquy.

Inasmuch as the record reveals Appellant was aware of Mr. Bing's guilty plea colloquy as of October 7, 2013, when he attached excerpts therefrom to his amended PCRA petition, we conclude Appellant has failed to meet the threshold requirement of proving he presented his claim of governmental interference within 60 days of the time the claim could have first been presented. *See Williams*, *supra*.

For all of the aforementioned reasons, we agree with the PCRA court that Appellant's instant PCRA petition is untimely and not subject to any of the timeliness exceptions.

Affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/13/2016